## S90A1534. MUZQUIZ v. THE STATE.
### (397 SE2d 703)

WELTNER, Justice.

John Muzquiz shot and killed Timothy Broyles with a handgun. He was convicted of felony murder and of a misdemeanor, and was sentenced to life imprisonment.[1]

After an exchange of insults with Broyles inside a store, Muzquiz retrieved a handgun from his car. When Broyles and two companions, all unarmed, entered the parking area, Muzquiz fatally shot Broyles in the forehead at close range. Muzquiz fled.

1. The evidence is sufficient to permit a rational trier of fact to find Muzquiz guilty of felony murder and of the misdemeanor beyond reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) Muzquiz contends that he was entitled to a requested charge on voluntary manslaughter, on the theory that, " '[w]hile words and threats alone are generally not sufficient provocation, the issue of whether a reasonable person acts as the result of an irresistible passion may be raised by words which are connected to provocative conduct by the victim.' " *Hunter v. State*, 256 Ga. 372 (2) (349 SE2d 389) (1986) and cits.

(b) The evidence in this case is: Muzquiz was the aggressor throughout; there were no threats from the victim or his companions and no physical confrontation other than Muzquiz's aggressive behavior toward the victim; there was nothing offensive in the behavior of the victim's companions; and Muzquiz had a reasonable opportunity to leave the area before he initiated the fatal confrontation with the victim. Additionally, Muzquiz defended on the basis of accident. See *Gladson v. State*, 253 Ga. 489 (1) (322 SE2d 45) (1984). The evidence did not require a charge on voluntary manslaughter.

3. (a) Muzquiz argues that the trial court improperly excluded testimony of a previous specific act of violence by the victim against a third party.

(b) In *Hill v. State*, 259 Ga. 655, 657 (4) (386 SE2d 133) (1989), we applied the traditional rule, stated as follows:

> Evidence of a victim's violent character and general reputation for violence may be admitted upon "a prima facie showing that the victim was the aggressor; that the victim as-

---

[1] The homicide occurred on June 11, 1989. Muzquiz was convicted on October 13, 1989, and was sentenced the same date. His motion for new trial was filed on November 13, 1989, amended on June 18, 1990, and denied on June 20, 1990. A notice of appeal was filed on July 13, 1990. The appeal was docketed on August 21, 1990, and submitted without oral argument on October 5, 1990.

saulted defendant; and that defendant was honestly seeking to defend himself." [Cit.] However, the victim's violent character may not be established by proof of specific acts of violence, although a defendant may offer evidence that the victim had a reputation for a particular type of violence. [Cit.]

(c) The testimony was excluded consistently with the rule then in effect.[2]

4. (a) Muzquiz asserts as error the denial of his motion for sequestered, individual voir dire of all jurors.

(b) "The granting of sequestered voir dire is within the discretion of the court, and a showing of prejudice from denial is necessary to show an abuse of discretion. [Cits.]" *Sanborn v. State*, 251 Ga. 169, 170 (3) (304 SE2d 377) (1983). Here, the trial court, the prosecution, and Muzquiz all determined a procedure for individual voir dire of those jurors who previously had heard about the case. There was no objection, and there has been no showing of prejudice from the denial of sequestered voir dire.

5. (a) Muzquiz asserts error in the denial of his motion for mistrial on the ground that the state asked him on cross-examination about a prior altercation with another, thereby putting his character in evidence.

(b) In *Crawford v. State*, 256 Ga. 585, 587 (2) (351 SE2d 199) (1987), we stated:

> The trial court's ruling [on motion for mistrial] will not be disturbed on appeal absent an abuse of discretion, which does not exist if the curative instructions given can serve to prevent the alleged harmful testimony from having any prejudicial impact and/or the jury indicates that it can follow the instructions and will not consider any improper prejudicial statements or testimony. [Cits.]

Here, the trial court sustained the defendant's objection before the jury; the trial court in effect rebuked the prosecution by telling him that he was wrong about the law; the defendant's denial of the accusation was never disproved; the defendant did not request curative instructions or a further rebuke of the prosecution; and the trial court admonished the jury during the charge that they were not to consider extraneous matters, but only the issues pertaining to the case on trial.

In this context, the improper comments did not so infect the trial with unfairness as to render it fundamentally unfair, or to make the

---

[2] Note that the rule applied in *Hill*, supra, is in serious doubt. See the concurring opinion. Id. p. 657.

resulting conviction the denial of due process. *Darden v. Wainwright*, 477 U. S. 168 (106 SC 2464, 91 LE2d 144) (1986); *Davis v. Kemp*, 829 F2d 1522, 1526-1527 (11th Cir. 1987); *Brooks v. Kemp*, 762 F2d 1383, 1400 (11th Cir. 1985).

6. There was no error in the admission of evidence offered in support of the misdemeanor.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 16, 1990.

*John H. Tarpley, Sr.*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf*, for appellee.