A92A0785. JONES v. THE STATE.
(423 SE2d 393)

BIRDSONG, Presiding Judge.

Bobby Lee Jones appeals his conviction for armed robbery.

The victim's car overheated and she drove to a gasoline station which was not a full-service facility. Appellant approached and offered to help and persuaded her to drive around to a faucet so he could put water in the car. The victim sat in the driver's seat with her feet outside and her door open. Appellant got in the passenger seat and grabbed her right arm with his left hand and with his other hand pointed a knife at her. He said: "Just get in the car and drive." The victim started screaming; appellant gripped her harder and again ordered her to drive. The victim kept screaming and pulling her hand away. Finally, appellant let her go and she got out of her car; she saw him grab her purse and run away. She ran screaming into the station and the cashier called the police. The cashier did not see the robbery but she knew appellant and she saw him offer to help the victim with her car. The victim picked appellant from a photo lineup and at trial identified him as the armed robber.

Appellant testified that he was at the scene and offered to help the victim; that he sat in the passenger seat and she agreed to give him a ride; that suddenly a man he knew as "Slim" reached across appellant's lap; and that, wielding a butcher knife, Slim grabbed the victim's purse and ran. Appellant testified that he ran because he had marijuana in his possession. Appellant enumerates four errors below. *Held:*

1. Appellant contends the trial court erred in allowing the State to introduce evidence of his character (see OCGA § 24-9-20) by permitting the prosecutor to trap him into revealing that he was on parole. He contends the prosecutor baited him by repeatedly asking why he ran, even after he testified that he ran because the victim was screaming and he had drugs on his person. The prosecutor asked whether it would have been logical for appellant to stay and give information about Slim; appellant said it would not. "Q. So it would have been smarter for you to run? A. Yes . . . I don't have anything to hide. I was already on parole, you know, so I did what I thought was best. . . . I wasn't going to stay there and catch a charge for something that I didn't do. That's why I ran. That's my motive for running. If I hadn't been on parole . . . I would have easily just ran, ditch the reefer off, and came back and stood whatever would have happened. . . . But by being on parole, I wasn't going to take no chances of doing it."

Appellant cites three cases to prove the prosecution improperly forced him to admit he was on parole: *Muzquiz v. State,* 260 Ga. 547 (397 SE2d 703); *Perry v. State,* 154 Ga. App. 559 (269 SE2d 63); *Brown v. State,* 118 Ga. App. 617 (165 SE2d 185). However, *Muzquiz* is inapposite to this case. *Brown* involved questions "calculated to place before the jury . . . a fact which under the rules of evidence" was inadmissible. Id. at 619. The prosecutor asked whether Brown was " 'gainfully engaged in private industry' " from 1947 to 1959; Brown said he had worked for the government. The prosecutor asked what branch of the government; Brown said " 'Federal Prison industry.' " Ultimately the prosecutor asked Brown where he had lived. Brown had to reply: " 'In the Federal Penitentiary.' " Id. at 618. This was overt questioning to which the only true answer was that Brown was in the penitentiary. In *Perry,* supra, the question was whether Perry was ever convicted of possession of marijuana; obviously this was in direct contravention of OCGA § 24-9-20.

The questioning in this case was directed at appellant's reasons for his "flight," which might have a bearing on the question of guilt. See *Renner v. State,* 260 Ga. 515, 516 (397 SE2d 683). Unlike the questioning in *Brown* and *Perry,* the questions here were calculated to reveal admissible evidence. They were not rendered improper by the fact that under close examination appellant volunteered that he

was on parole. The questions themselves did not imply, or require appellant to admit, a prior conviction; the decision to do so rather than to stick to his original answer was appellant's own. The questioning not being improper, objection to it and curative instructions were not required.

2. The trial court did not err in denying defendant's motion for new trial on grounds of ineffective assistance of counsel. To prevail on such a claim, appellant must show not only that trial counsel's performance was deficient but also " 'that this deficient performance prejudiced his defense in that there is a reasonable probability that, but for counsel's . . . errors, the outcome of the trial would have been different.' " *Yearby v. State*, 195 Ga. App. 757 (395 SE2d 29). Despite his allegations of incompetence, such as counsel's failure to locate Slim or purported witnesses, appellant does not suggest there actually existed a particular witness who would have supported his defense; and the record shows counsel explored the possibility of locating "Slim," but appellant did not cooperate in locating Slim as he agreed "Slim" would only deny the crime. Appellant asserts counsel should have made extensive investigation but only spent 20 hours on his case, but appellant does not suggest what such investigation would have revealed or how additional preparation might have helped him. Trial counsel did advise appellant as to the matter of whether he should testify. We find no error.

3. The trial court did not err in reading twice to the jury the statutory definition of armed robbery. The instruction did not, merely by being repeated, tend to imply the court believed appellant guilty of the crime. The court advised the jury that no comment of the court was intended to express an opinion as to appellant's guilt. The definitions of the lesser included offenses were also repeated; there was in fact no undue emphasis of the definition of armed robbery. There was no incorrect statement of the law and the jury charge was full and fair as to the presumption of innocence, proof of intent, and the State's burden of proof beyond a reasonable doubt. See *Brown v. State*, 197 Ga. App. 365, 366 (398 SE2d 424).

4. Appellant contends the trial court erred in failing to give a charge on appellant's sole defense of mere presence, for " '[i]f an affirmative defense is raised by the evidence . . . the trial court must present the affirmative defense to the jury as part of the case in its charge, even absent a request.' " *Wainwright v. State*, 197 Ga. App. 43, 44 (397 SE2d 456). We find no error. Defendant's contention that he was merely present at the scene is not an affirmative defense; "[r]ather, the rule that mere presence without more is insufficient to convict is really a corollary to the requirement that the state prove each element of the offense charged." *Muhammad v. State*, 243 Ga. 404, 406 (254 SE2d 356). The pertinent principle is that "mere proof

of the accused's presence at the scene of the crime, *without any evidence to show further participation in the commission of the crime*, is insufficient to authorize a conviction." Id. at 405. There was abundant direct evidence that appellant committed the crime; the necessity of proof of guilt beyond a reasonable doubt was fully charged to the jury and they could not have inferred they could convict appellant of the crime by his mere presence.

5. The evidence is sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crime of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED OCTOBER 6, 1992.

*R. Stephen Roberts*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Jeffrey H. Brickman, Assistant District Attorneys*, for appellee.