## A96A1498. MITCHELL v. THE STATE.

(474 SE2d 306)

BLACKBURN, Judge.

Adolphus Ray Mitchell appeals his conviction of possession of cocaine with the intent to distribute in violation of the Georgia Controlled Substances Act.

A bank teller testified that for a period of six months prior to February 9, 1994, Mitchell had come into the First National Bank about three to five times a week to exchange small denomination bills for larger denomination bills, with the total value of the bills per visit ranging between $500 to $2,000. This activity was suspicious because Mitchell did not maintain an account with the bank. On February 9, 1994, when Mitchell once again came into the bank with a large amount of cash, the bank notified the police, providing a description of Mitchell's vehicle.

After being advised by another officer that Mitchell's driver's license had been suspended, Officer Vic Partee stopped Mitchell's vehicle as he drove from the bank's parking lot. Partee testified that during the traffic stop he lost visual contact with Mitchell briefly when he returned to his police vehicle to repeat a radio transmission, and that Mitchell exited, or was in the process of exiting, his car at this time. Subsequently, Mitchell admitted that he was driving with a suspended license and was placed under arrest. Other officers arrived at the scene, and a wrecker was called to tow Mitchell's car. As Mitchell's vehicle was being towed, the officers discovered a film canister on the ground under Mitchell's vehicle. The canister contained approximately $1,500 to $3,000 worth of cocaine. In addition, the officers found $1,421 in cash, numerous paper change holders, and a pager on Mitchell's person.

At trial, the State introduced evidence of a similar transaction which occurred in 1991. On May 27, 1991, Mitchell had been arrested for DUI and running a red light. During a search incident to the arrest, a bag containing 31 pieces of crack cocaine and powder cocaine was found in Mitchell's pants pockets, as well as approximately $1,500 in cash, and coins rolled in paper change holders similar to those seized from Mitchell at the time of the subject arrest. Mitchell pled guilty to the 1991 offense.

1. Mitchell contends that the trial court erred in failing to find that he was denied effective assistance of counsel because his trial counsel failed to file a motion to suppress on the basis that the traffic stop was pretextual and failed to request a charge on equal access.

"In order to establish ineffectiveness of trial counsel . . . [a] defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction

resulted from a breakdown in the adversary process that renders the result unreliable. . . . The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citations and punctuation omitted.) *Green v. State*, 218 Ga. App. 648, 650 (463 SE2d 133) (1995).

(a) Mitchell's trial counsel testified that he did not file a motion to suppress on the basis that the traffic stop was pretextual because, after researching the issue, he found such a motion would be futile. We agree. Officer Partee testified at Mitchell's probation revocation hearing that he was informed by another officer that Mitchell's driver's license had been suspended prior to making the traffic stop. An officer is authorized to stop a vehicle if he knows that the driver has a suspended license. See *Allison v. State*, 217 Ga. App. 580 (459 SE2d 557) (1995). This is true even if the officer may have had other motivations for the traffic stop. See *State v. McCloud*, 187 Ga. App. 580, 582 (370 SE2d 831) (1988).

(b) Contrary to Mitchell's argument, his trial counsel's failure to request an equal access charge did not amount to ineffective assistance of counsel. In the absence of a charge to the jury as to the presumption of possession or its equivalent, it is not error to fail to charge on equal access where the charge as a whole substantially and adequately covers the principles contained in an equal access instruction. See *Jones v. State*, 200 Ga. App. 519, 521 (408 SE2d 823) (1991); see also *Jackson v. State*, 216 Ga. App. 842, 845 (456 SE2d 229) (1995) (the equal access rule is simply a defense to the accused to whom a presumption of possession flows). In the instant case, there was no jury charge on any presumption of possession. Moreover, as in *Jones*, there were jury charges on "the presumption of innocence, the State's burden of proof, that there is no burden of proof whatsoever on defendant, that the burden of proof never shifts to defendant to prove his innocence, the duty of the jury to acquit if the State fails to prove defendant's guilt beyond a reasonable doubt, [and the legal definition of possession]." *Jones*, supra at 521. In addition, the trial court also charged the jury that grave suspicion or mere presence at the scene of the commission of a crime would not alone authorize a guilty verdict. Under these circumstances, we find that the charge as a whole substantially and adequately covered the principles contained in an equal access charge.

2. Mitchell contends that there was insufficient evidence to support his conviction. Specifically, Mitchell argues that, because none of the officers saw him toss anything under his car, the State failed to link Mitchell to the contraband found under his vehicle. In support of his argument Mitchell cites *Reid v. State*, 212 Ga. App. 787 (442 SE2d 852) (1994) and *Whipple v. State*, 207 Ga. App. 131 (427 SE2d

101) (1993), which hold that, when the State relies solely on circumstantial evidence, spatial proximity to contraband alone is not enough to support a finding of possession. In both *Reid* and *Whipple*, the contraband was found in vehicles which were not owned by the defendants and which were occupied by more than one individual immediately prior to the search. In the instant case, the contraband was found under, rather than inside the vehicle at issue, and Mitchell was traveling alone. Thus, *Reid* and *Whipple* are distinguishable from the instant case.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6. However, the term 'hypothesis' refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else. Thus only *reasonable* inferences and hypotheses except the guilt of the accused need be excluded. Questions of reasonableness are generally decided by the jury, and this court will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the verdict is unsupportable as a matter of law." (Citations and punctuation omitted.) *Hicks v. State*, 195 Ga. App. 887, 888 (395 SE2d 341) (1990).

The trial court properly charged the jury on the standard for convicting based on circumstantial evidence. The only hypothesis offered by Mitchell to explain the existence of the contraband under his vehicle was that he coincidentally parked upon a large amount of abandoned cocaine valued in excess of $1,500. The jury decided this issue contrary to Mitchell's position, and we have no authority to disturb this finding. The evidence introduced was sufficient to authorize the finding of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED AUGUST 8, 1996.

*L. Stanford Cox III*, for appellant.

*Alan A. Cook, District Attorney, William K. Wynne, Jr., Assistant District Attorney*, for appellee.