## A99A1845. RENDER v. THE STATE.
### (525 SE2d 134)

ELDRIDGE, Judge.

A Meriwether County jury found Willie Davis Render guilty of possession of cocaine and driving without a driver's license. On appeal, he contends that he received ineffective assistance of counsel at trial because his trial attorney (a) failed to object to the introduction of hearsay testimony, and (b) failed to submit a jury charge on "equal access."[1] Upon review of these contentions, we affirm Render's convictions.

[T]he proper standard to be employed in determining enumerations concerning ineffective assistance of counsel, whether based upon a claim of right arising under federal or state law, is the two-pronged test announced in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) [(1984)]. First, appellant must show that counsel's performance was deficient; second, he is required to show that he was prejudiced by counsel's deficient performance.

*White v. State*, 216 Ga. App. 583 (1) (455 SE2d 117) (1995).

(a) Render's motion for new trial does not contain a contention regarding trial counsel's alleged failure to object to the introduction of hearsay testimony. Further, trial counsel was not questioned about hearsay during the hearing on the motion, and no such issue was otherwise raised at the hearing. All allegations of ineffective assistance of counsel should be raised at the earliest practicable moment, and "'any allegation not raised is deemed waived.'" *Seese v. State*, 235 Ga. App. 181, 183 (3) (509 SE2d 94) (1998). This allegation is waived.

(b) There was a passenger in the car Render was driving and in which the drugs were found. Thus, Render claims that his trial counsel was ineffective for failing to request an "equal access" jury charge. However:

In the absence of a charge to the jury as to the presumption

---

[1] There is no procedural issue involving the timeliness of Render's ineffective assistance of counsel claim.

of possession or its equivalent, it is not error to fail to charge on equal access where the charge as a whole substantially and adequately covers the principles contained in an equal access instruction.

(Citations omitted.) *Mitchell v. State,* 222 Ga. App. 453, 454 (1) (b) (474 SE2d 306) (1996). See also *Jackson v. State,* 216 Ga. App. 842, 845 (456 SE2d 229) (1995) (the equal access rule is simply a defense to the accused to whom a presumption of possession flows).

Here, the trial court did not charge the jury on any presumption of possession arising because Render was the driver of the car in which the drugs were found. In addition, the trial court charged the jury that Render was presumed innocent until proven guilty; that the State had the burden of proof; that there was no burden of proof whatsoever on Render; that the burden of proof never shifted to Render to prove his innocence; and that it was the duty of the jury to acquit, if the State failed to prove Render's guilt beyond a reasonable doubt. See *Jones v. State,* 200 Ga. App. 519, 521 (408 SE2d 823) (1991). Under these circumstances, the charge as a whole adequately covered the principles contained in an "equal access" charge. Id. Accordingly, Render was not prejudiced by trial counsel's failure to request such charge. *White v. State,* supra at 583.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 10, 1999.

*John D. Rasnick,* for appellant.

*Peter J. Skandalakis,* District Attorney, *Julianne W. Holliday,* Assistant District Attorney, for appellee.