## A03A1718. MASON v. THE STATE.
(585 SE2d 673)

ELDRIDGE, Judge.

A Troup County jury found Otis Mason guilty of armed robbery for his participation, along with two co-defendants, in the armed robbery of Ballard's Pawn Shop on Daniel Street in LaGrange. He appeals, challenging the sufficiency of the evidence against him and, in three separate enumerations, claiming error in the admission of a co-defendant's statement which incriminated Mason. Because Mason's contentions are without merit, we affirm his conviction.

1. Mason contends the evidence was insufficient to support the verdict. We disagree. The victim's identification of Mason as the man who urged him to come from behind the counter immediately before the entry of two armed perpetrators; Mason's departure from the shop during the course of the armed robbery without any interference from the armed perpetrators; his failure to notify the authorities or render aid to the victim while the armed robbery was in progress; his presence immediately after the robbery next to the wooded location where the stolen items were discovered; and testimony that the armed perpetrators employed a "decoy" sent into the pawnshop in order to lure the victim from behind the counter where a weapon was kept is sufficient evidence for a rational trier of fact to have found Mason guilty beyond a reasonable doubt as a party to the crime of armed robbery.[1]

2. Prior to any arrests on the instant offense, co-defendant Demetrius Hanner told his friend Michael Carwell that appellant Mason and he, along with co-defendant Donelle Newton, had perpe-

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *House v. State*, 237 Ga. App. 504, 505 (1) (515 SE2d 652) (1999).

trated the armed robbery at Ballard's Pawn Shop. Carwell testified at trial about Hanner's statement to him. In three enumerations of error, Mason claims that Carwell's testimony was hearsay and a violation of *Bruton v. United States*.[2] However, no objection was made on any basis to the introduction of Carwell's testimony. A *Bruton* issue was raised only as to Hanner's and Newton's custodial statements to the police. As this is a court for the correction of errors of law, we do not consider any issues raised on appeal that were not raised and preserved in the trial court. "A ruling must be obtained for this court to review an alleged error."[3] Accordingly, Mason's *Bruton* and hearsay claims present nothing for our review.[4]

Further, had objection been made on the basis now urged, the State's evidence, including the conduct of the co-defendants before, during, and after the enterprise, was sufficient to demonstrate the existence of a conspiracy to commit an armed robbery of Ballard's Pawn Shop. As such, Hanner's statement to his friend, Carwell, made during the pendency of the conspiracy was admissible.[5]

To the extent that Mason now asserts Carwell's testimony as a reason to sever the parties, this contention was not put forward in the court below as a ground for severance. Thus, this issue is waived.[6]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 15, 2003.

*William L. Jones*, for appellant.
*Peter J. Skandalakis, District Attorney*, for appellee.

---

[2] 391 U. S. 123, 136-137 (88 SC 1620, 20 LE2d 476) (1968).

[3] (Citation omitted.) *Gonzalez v. State*, 175 Ga. App. 217 (1) (333 SE2d 132) (1985).

[4] See *Roseberry v. State*, 274 Ga. 301, 303-304 (3) (553 SE2d 589) (2001) ("As to the hearsay objections that [defendant] now raises on appeal, he failed to raise those objections during the motion in limine hearing or at trial. Accordingly, [he] has waived any hearsay objections."); *Thompson v. State*, 214 Ga. App. 889 (1) (449 SE2d 364) (1994) (*Bruton* issue "was not preserved for appellate review by motion or objection at trial. Consequently, we are precluded from reviewing this contention raised for the first time on appeal.").

[5] *Pittman v. State*, 274 Ga. 260, 263 (4) (553 SE2d 616) (2001); *Reid v. State*, 210 Ga. App. 783, 787-788 (3) (a) (437 SE2d 646) (1993).

[6] *York v. State*, 242 Ga. App. 281, 287 (3) (a) (i) (528 SE2d 823) (2000).