## A04A1117. WILKERSON v. THE STATE.
### (603 SE2d 728)

ADAMS, Judge.

Marvin Wilkerson, Sr. was convicted of trafficking cocaine, driving with an expired license tag, and driving with a suspended license.

Construed in favor of the verdict, the evidence shows that Wilkerson was driving his son's car on February 9, 2001, with two passengers, when a police officer decided to stop him for driving with an expired license tag. (The car was registered to a man named Malcom Harper, but he had recently sold it to Wilkerson's son.) Co-defendant Smiley was in the front seat. A 14-year-old girl was in the back seat. In response to the blue lights and siren, Wilkerson drove in a way that suggested he might not comply. After Wilkerson stopped, he twice moved his car when the officer started to get out of the patrol car, and so, the officer called for backup. Next Wilkerson was unable to produce a driver's license and proof of insurance, and, although he gave his correct name, Wilkerson gave a false birth date to the officer. When challenged about his age, he gave the correct date and stated that his license had been suspended. After confirming the information, the officer arrested Wilkerson for driving with a suspended license.

Because neither passenger was licensed to drive and because Wilkerson told the officer that he had no one to take possession of the car, the officer impounded the vehicle. A second officer immediately began an inventory, during which the officer found a container in the trunk, in which he found suspected contraband. Drug agents were called to the scene, who then, acting on probable cause to search,

searched the car again and found what turned out to be 73.2 grams of 40 percent pure cocaine as well as a small amount of marijuana.

1. Wilkerson first contends that the trial court should have granted his motion to suppress. "A trial court's order on a motion to suppress will not be disturbed if there is any evidence to support it. . . ." *Hobdy v. State,* 222 Ga. App. 625-626 (475 SE2d 686) (1996).

Wilkerson contends that the car was not properly inventoried. He argues that the initial inventory search was invalid because the officer did not follow the applicable procedures found in the Hinesville Police Department's Standard Operating Procedure in that the inventory was not concluded but rather interrupted when the contraband was initially found. But Wilkerson has failed to supply any authority for this proposition. And, we fail to see how Wilkerson's rights could have been violated by the officer's action of terminating the initial inventory in order to call in drug agents, when, even as Wilkerson admits, the officer's actions up to that point were proper. See also *Staley v. State,* 224 Ga. App. 806, 807-808 (482 SE2d 459) (1997).

2. Wilkerson contends that the evidence was insufficient to support the verdict for trafficking cocaine because there was no evidence linking him to the cocaine found in the trunk. Indeed, an officer admitted that nothing was found that tied Smiley to the contraband. No inventory was ever completed on the contents of the car, and thus nothing else was found therein that could be associated with Wilkerson. The clothes found in the trunk were never identified, and they were eventually disposed of. And officers attempted to get fingerprints from the container that held the cocaine but were unable to do so.

Nevertheless, there is a presumption that the driver is in possession of the contents of a vehicle:

> *In the absence of any circumstances to the contrary*, a presumption arises from proof of ownership and control of premises, an automobile, or other property that the owner is in control and possession of contraband found therein. This rule is equally applicable to an automobile in which the accused is only the driver or in possession of the vehicle.

(Citations and punctuation omitted; emphasis in original.) *Henderson v. State,* 191 Ga. App. 275, 276 (1) (a) (381 SE2d 423) (1989). That presumption may be overcome by operation of the equal access rule:

> The equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal

access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver.

(Citations and punctuation omitted.) *Knox v. State*, 216 Ga. App. 90, 92 (3) (453 SE2d 120) (1995). The rule "applies only where the *sole evidence* of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle. . . ." (Citations and punctuation omitted; emphasis in original.) *Pittman v. State*, 208 Ga. App. 211, 214 (2) (430 SE2d 141) (1993). "Whether the evidence of equal access is sufficient to rebut any inference of possession . . . is a question properly left to the jury. [Cit.]" *Ramsay v. State*, 175 Ga. App. 97, 99 (7) (332 SE2d 390) (1985).

In this case, evidence was presented, upon which the jury was allowed to rely, to show that none of the possible parties involved had equal access to the contents of the trunk. Harper testified that he sold the car to Wilkerson's son on about January 20, 2001, and he testified that the drugs were not his. Wilkerson said that his son was out of town, and no evidence was presented that his son had recently had access to the trunk of the car. The 14-year-old girl was in the car because she had missed her bus to school and she had been picked up for a ride because she knew Smiley. She did not look in the trunk before getting in the car, there was no testimony that the trunk was opened while she was in the car, and she denied that the contraband was hers. See *Petty v. State*, 221 Ga. App. 125, 126 (470 SE2d 517) (1996) (testimony from passengers that cocaine found in car did not belong to them "was circumstantial evidence from which the jury could infer that the cocaine must have belonged to [the driver]").

That leaves Smiley. Although Smiley told an officer that he did not know anything about the drugs in the trunk, Smiley did not testify; rather, one of the officers testified to Smiley's statement. But even if the statement was inadmissible hearsay,[1] there is "only mere speculation that other [passengers] *may* have had equal access to the [trunk] of the car." (Emphasis in original.) *Cochran v. State*, 190 Ga. App. 884, 886 (1) (380 SE2d 319) (1989). Wilkerson was driving and therefore had the key to the car and control of the entire vehicle including the trunk; there is no evidence that Smiley did.[2] And,

---

[1] Any objection based on *Bruton v. United States*, 391 U. S. 123, 136-137 (88 SC 1620, 20 LE2d 476) (1968), was waived when the defendant did not object to this testimony when it was elicited at trial. See, e.g., *Mason v. State*, 262 Ga. App. 383, 384 (2) (585 SE2d 673) (2003).

[2] Indeed, the trial court granted a directed verdict in Smiley's favor on the cocaine charge because the State had not shown that Smiley had access to the cocaine.

Wilkerson drove evasively after the officer attempted the stop. Evasive conduct during a traffic stop is one fact from which criminal intent may be inferred. *Jones v. State*, 225 Ga. App. 673, 674-675 (484 SE2d 702) (1997). There being no unrebutted affirmative evidence demanding a finding of equal access, a rational trier of fact was authorized to find Wilkerson guilty of trafficking in cocaine. See generally *Cochran*, 190 Ga. App. at 886. See also *Bruce v. State*, 191 Ga. App. 580, 582 (382 SE2d 367) (1989) (no indication that person from whom defendant rented truck ever had access to the vehicle).

3. Wilkerson contends that the trial court committed error by sentencing him on the two misdemeanor counts during his absence. The transcript shows that Wilkerson was present when the court sentenced him for trafficking cocaine but that the court failed to sentence him on the other two counts at that time. The court apparently later entered sentences on those two counts of twelve months to serve concurrently with his twelve-year (to serve) felony conviction.

"A criminal defendant has the right to be present during all portions of his or her trial, and a defendant's absence during a critical stage of those trial proceedings, absent a waiver of the defendant's right to be present, is not subject to harmless error analysis. [Cit.]" *King v. State*, 273 Ga. 258, 264 (15) (539 SE2d 783) (2000). Sentencing is a critical stage of a criminal proceeding. See *Gardner v. Florida*, 430 U. S. 349, 358 (97 SC 1197, 51 LE2d 393) (1977); *Golden v. Newsome*, 755 F2d 1478, 1483 (11th Cir. 1985); *Green v. State*, 194 Ga. App. 343, 346-347 (390 SE2d 285) (1990), aff'd, 260 Ga. 625 (398 SE2d 360) (1990).

But here, Wilkerson was present for the entire sentencing hearing when the information relied upon by the court for its sentencing decision was presented. He had an opportunity to present evidence and did so, raised no objection at the completion of the hearing, and was made aware of the sentence before any appellate deadlines passed. We conclude that Wilkerson was present for sentencing sufficient to satisfy the demands of due process.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 20, 2004.

*Chestley N. Merritt*, for appellant.

*Tom Durden, District Attorney, Henry P. Smith, Assistant District Attorney*, for appellee.