A05A0355. JOHNSON v. THE STATE.
(617 SE2d 252)

PHIPPS, Judge.

Terry Lamar Johnson was tried by a jury and convicted of possession of cocaine with intent to distribute. On appeal, he claims that the evidence was insufficient to support his conviction. He also claims that the trial court erred by refusing to charge the jury on the doctrine of equal access and by refusing to order the state to disclose the identity of a confidential informant. We find that the evidence was sufficient to support the verdict, but conclude that the trial court should have instructed the jury on equal access. Therefore, we reverse. If Johnson is retried, the court should conduct an in camera hearing to determine if the identity of the confidential informant must be disclosed.

Sergeant Jay Baker of the Cherokee County Sheriff's Department testified that he received information from a confidential informant that he used to obtain a search warrant for Johnson and his two vehicles. The warrant was issued on February 11, 2002, and was executed on February 19, 2002. Johnson was stopped as he was leaving work that night. Officer Matt Baldwin, who was assigned to the Cherokee Multi-Agency Narcotics Squad, searched his vehicle. He found approximately twelve grams of crack cocaine in the console in the ceiling of the vehicle between the two front seats. Officer Michael Wells, also with the Cherokee Multi-Agency Narcotics Squad, found approximately $997 in cash in Johnson's pocket. Baldwin testified that, based on his training and experience, it is usually a dealer, rather than a user, of crack cocaine who carries a large amount of money.

Johnson testified that the drugs found in his vehicle were not his and that someone else must have planted them there. He testified that he had taken some actions to discourage the sale and use of drugs to explain why someone, particularly a drug dealer, might want to "get rid of him." He testified that of the $997 in his pocket, $475 was from a Super Bowl pool at work and $300 was from his daughter for a car he sold to her. One of Johnson's co-workers testified that he ran the Super Bowl pool and that he had paid Johnson $475 after collecting money from the other participants.

Sarada Elrod and Altie Thomas testified that they saw Johnson the evening of February 19 at the home of Marvin Johnson. While Johnson was inside Marvin Johnson's house, Thomas saw Cedric Bridges open the driver's side door to Johnson's vehicle, reach up to the top of the vehicle and "mess around" with the sun visor on the driver's side. Elrod saw Bridges open the driver's side door, reach up to the top of the vehicle and then shut the door. Thomas testified that when Bridges got out of the vehicle, he gave Elrod and Thomas a piece of crack cocaine and said, "y'all keep this and don't say nothing about it." Thomas said that he got the cocaine for not disclosing what Bridges was doing in Johnson's vehicle. Johnson got in his vehicle and left about ten minutes later. Both Elrod and Thomas were impeached with certified copies of prior convictions, Elrod for shoplifting and Thomas for aggravated battery.

1. Johnson claims that the evidence was insufficient to prove that he possessed the cocaine. He argues that the evidence against him was all circumstantial and that the state failed to exclude the reasonable hypothesis that he had no knowledge of the cocaine found in his vehicle.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[1] The circumstantial evidence must exclude only all *reasonable* hypotheses save defendant's guilt, not every inference or hypothesis.[2] "Where the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the jury."[3] Because the jury has heard the witnesses and seen them testify, it is in a better position to determine the reasonableness of any hypothesis produced by the

---

[1] OCGA § 24-4-6.

[2] See *Harris v. State*, 223 Ga. App. 661, 663 (478 SE2d 458) (1996).

[3] *Singleton v. State*, 194 Ga. App. 5, 6 (389 SE2d 496) (1989) (citation and punctuation omitted).

evidence than is an appellate court.[4] We will not disturb the jury's finding unless the verdict is insupportable as a matter of law.[5] "If the totality of the evidence is sufficient to connect [Johnson] to possession of drugs, even though there is evidence to authorize a contrary finding, the jury's verdict will be sustained."[6]

The law recognizes two types of possession — actual and constructive.[7]

> A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. Either type may be established by circumstantial evidence. Where drugs are found in the "immediate presence" of the defendant, the jury is authorized to find they are in the constructive possession of the accused.[8]

Applying these legal principles to the facts of this case, we find that the evidence was sufficient for a rational trier of fact to find Johnson guilty beyond a reasonable doubt of the crime for which he was charged.[9]

2. Johnson claims that the trial court erred by failing to charge the jury on the doctrine of equal access, as requested. He argues that this was his sole defense.

In the absence of circumstances to the contrary, a presumption arises from proof of ownership and control of an automobile that the owner is in control and possession of contraband found therein.[10] That presumption may be overcome by operation of the equal access rule.[11]

> The equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending on the strength of the evidence, overcome the

---

[4] Id.

[5] Id.

[6] Id.

[7] Id. at 5.

[8] Id. at 5-6 (citations and punctuation omitted).

[9] See id. at 7.

[10] *Wilkerson v. State*, 269 Ga. App. 190, 191 (2) (603 SE2d 728) (2004).

[11] Id.

presumption that the contraband was in the exclusive possession of the owner or driver.[12]

The rule "applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle."[13]

Here, Johnson's ownership and control of his vehicle was the sole evidence that he possessed the cocaine found therein. He offered an explanation for the large amount of cash found in his pocket when he was arrested. And, contrary to the dissent's assertions, there was no "evidence" from the confidential informant or evidence that Marvin Johnson was a "known drug dealer." Johnson testified that Marvin Johnson was his cousin and that he sometimes went to his house on his work breaks to play poker. When asked if he knew that Marvin Johnson was a drug dealer, Johnson testified that he did not think "Marvin Johnson would know what a crack rock was if you showed it to him." Moreover, Baker's testimony that Marvin Johnson was arrested for possession of crack cocaine some time after Johnson was arrested does not constitute additional evidence that Johnson possessed the cocaine found in his car as he was leaving work on February 19.

The trial court must charge the jury on the defendant's sole defense if there is some evidence to support it.[14] Johnson presented evidence that, on the same night he was arrested and his vehicle was searched, two people saw Bridges accessing that part of his vehicle where the cocaine was ultimately found, and that Bridges offered them cocaine to keep quiet about what he was doing. Because Johnson presented no other defense and the evidence supported it, he was entitled to the instruction.[15] Considering the specific facts of this case and having reviewed the instructions as a whole, we cannot say that they fairly presented this defense to the jury.[16] Thus, his conviction must be reversed.[17] However, based on our determination that the evidence was sufficient to support the verdict, the case can be retried.[18]

---

[12] Id. at 191-192 (citation omitted).

[13] Id. at 192 (citation, punctuation and emphasis omitted).

[14] *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991).

[15] See *Moore v. State*, 234 Ga. App. 332, 333 (1) (506 SE2d 685) (1998).

[16] See id.; but see *Jones v. State*, 200 Ga. App. 519, 520-521 (2) (c) (408 SE2d 823) (1991).

[17] See *Moore*, supra.

[18] See *Lively v. State*, 262 Ga. 510, 512 (3) (421 SE2d 528) (1992).

Relying on *Jones*,[19] *Render v. State*,[20] and *Mitchell v. State*,[21] the dissent argues that Johnson's defense was adequately covered by the charge given. This case is distinguishable from *Jones* because the court there held that the evidence did not reasonably raise the defense of equal access.[22] The only evidence of equal access in *Jones* was that other people may have entered Jones's residence to purchase drugs during the time when police surveillance was being conducted; there was no evidence that those persons had equal access to the area where the closed paper bag containing the drugs was found. In *Render*, the only evidence of equal access was that there was a passenger in the car Render was driving and in which drugs were found. The "equal access" evidence in *Mitchell* was that drugs were found underneath Mitchell's stopped car and Mitchell claimed he had coincidentally parked on a large amount of abandoned cocaine. Johnson's equal access evidence was much stronger than the evidence in any of the cases relied upon by the dissent and the charge given did not adequately cover the defense he presented.

The dissent also relies on *Jones* to support its argument that an equal access instruction is not required if the jury is not charged on the presumption of possession or its equivalent. The rule relied upon by the dissent also requires that the charge given substantially and adequately cover the principles contained in an equal access instruction.[23] As set forth above, we conclude that the charge given does not meet that test in this case.

3. Because it is likely to arise on retrial, we address Johnson's claim that the trial court erred by refusing to require the state to disclose the name of its confidential informant or, in the alternative, to determine by an in camera hearing whether the confidential informant was Bridges. Johnson filed a motion to compel the state to provide that information. The court denied the motion, ruling that "the fact of the identity of the confidential informant is not in and of itself exculpatory."

Johnson argues that he is entitled to the information under the standard set forth in *Brady v. Maryland*,[24] in which the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment."[25] In

---

[19] Supra.
[20] 240 Ga. App. 762 (525 SE2d 134) (1999).
[21] 222 Ga. App. 453, 454 (1) (b) (474 SE2d 306) (1996).
[22] *Jones*, supra at 520 (2) (b).
[23] Id. at 521 (2) (c).
[24] 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).
[25] Id. at 87.

*Thornton v. State*,[26] the Supreme Court of Georgia held that when faced with a *Brady* motion to reveal the identity of an informant, the trial court must first determine whether that information is favorable to the defendant and whether it is relevant either to guilt or to punishment.[27]

> Where an informant is a mere tipster, disclosure of his identity is not required. But where the informer is a witness or participant, a request for disclosure requires the trial court to balance the benefits of disclosure to the defendant against the resulting harm to the government. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."[28]

The record does not indicate that the trial court undertook the required analysis. Although the state claims that disclosure is not required because the informant is a mere tipster, that claim is not entirely accurate if Bridges was the informant. If the informant was Bridges and that information had been presented to the jury, it would have been favorable to Johnson's defense that someone else planted the cocaine in his vehicle and he knew nothing about it. The information also would have been relevant to Johnson's guilt or innocence. Applying the balancing test set forth in *Roviaro v. United States*,[29] we conclude that the informant's identity (if it is Bridges) should have been disclosed, particularly because there is no reasonable substitute for that information.[30]

If Johnson is retried, the court must conduct an in camera hearing regarding the identity of the informant. If the informant is not Bridges, the informant's identity need not be disclosed to Johnson. If the informant is Bridges, that information should be timely provided to Johnson prior to trial.

*Judgment reversed. Ruffin, C. J., Johnson, P. J., and Barnes, J., concur. Andrews, P. J., Blackburn, P. J., and Mikell, J., dissent.*

---

[26] 238 Ga. 160 (231 SE2d 729) (1977).

[27] Id. at 162-165 (2).

[28] *State v. Royal*, 247 Ga. 309, 312 (2) (275 SE2d 646) (1981) (citing *Thornton*, supra, and *Roviaro v. United States*, 353 U. S. 53, 62 (77 SC 623, 1 LE2d 639) (1957)).

[29] Supra.

[30] See *Moore v. State*, 187 Ga. App. 387, 392 (2) (370 SE2d 511) (1988).

ANDREWS, Presiding Judge, dissenting.

Because I conclude there was no reversible error in the trial court's failure to give the "equal access" charge, I respectfully dissent.

1. The trial court did not err in refusing Johnson's request to give the "equal access" charge. First, Johnson's defense was that he had no knowledge the drugs were in his SUV and therefore he did not intend to possess the drugs. The jury was instructed on burden of proof, intent, actual and constructive possession, and whether the defendant knowingly had actual or constructive possession. Therefore, the jury was adequately instructed on Johnson's theory of defense and the charge adequately covered the principles contained in the equal access charge. *Jones v. State*, 200 Ga. App. 519, 521 (408 SE2d 823) (1991). See also *Render v. State*, 240 Ga. App. 762 (525 SE2d 134) (1999); *Mitchell v. State*, 222 Ga. App. 453, 454 (474 SE2d 306) (1996).

Next, this Court has consistently held that where the jury is not charged that a presumption or inference of possession of the contraband arises from proof of ownership or control of the premises or the vehicle, the equal access instruction is not required. *Jones*, supra at 520-521. In this case, the presumption or inference of possession was not charged.

*Pittman v. State*, 208 Ga. App. 211, 215 (430 SE2d 141) (1993), is also helpful. In that case, this Court held:

> Finally, we are persuaded by the State's argument that in this case equal access is not a "sole defense," in the sense in which Pittman argues. "The equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver." (Citations and punctuation omitted.) *Lombardo v. State*, 187 Ga. App. 440, 442 (5) (370 SE2d 503) (1988). This court in *Jones v. State*, 205 Ga. App. 711, 713 (4) (423 SE2d 393) (1992) was presented with a similar situation to the case at bar. In *Jones*, the defendant argued that the trial court's failure to charge his sole defense of mere presence was reversible error. In rejecting that argument, this court stated "(I)f an affirmative defense is raised by the evidence the trial court must present the affirmative defense to the jury as part of the case in its charge, even absent a request. . . . Defendant's contention that he was merely present at the scene is not an affirmative defense; rather the rule that mere presence without more is insufficient to convict is really a

corollary to the requirement that the state prove each element of the offense charged." (Citations and punctuation omitted.) Id. at 713; see generally OCGA § 16-3-28.

*Pittman,* supra at 215. See also *Jones v. State,* 205 Ga. App. 711, 713 (423 SE2d 393) (1992).

Lastly, the law is that it is error to refuse to give the equal access charge only where the sole evidence of guilt is defendant's ownership or possession of the vehicle. *Wright v. State,* 194 Ga. App. 739, 741 (391 SE2d 791) (1990). In this case, there was the evidence from the reliable confidential informant (CI), Johnson's quick trips during his work breaks to the house of a known drug dealer, and the large amount of cash in small bills found in his possession at the time of arrest.

Therefore, for all the reasons set out above, the trial court did not err in refusing to give the equal access charge. Johnson's conviction should not be reversed on these grounds.

2. I agree with Division 1 of the majority's opinion that the evidence was sufficient to support the verdict. I also agree with Division 3 of the opinion; but, in light of my conclusion that failure to charge "equal access" was not reversible error, I disagree with the disposition in Division 3.

This case is similar to *Thornton v. State,* 238 Ga. 160 (231 SE2d 729) (1977), cited by the majority. In that case, the defendant claimed that the CI was part of a conspiracy to frame him. Id. at 162. The Supreme Court held that the trial court should have conducted a hearing and if it found the evidence material under *Brady,* weighed it against the State's privilege under *Roviaro.* Id. at 165. Likewise, in this case, the trial court failed to conduct a hearing to determine if the evidence was exculpatory under *Brady* and should have been admitted. Therefore, the majority states that the trial court may or may not have erred in not forcing the State to reveal the identity of the CI and on retrial the court must conduct an in camera hearing to determine if the CI is Cedric Bridges. If it is, his identity must be revealed.

Unlike the disposition reached by the majority, I would follow the disposition in *Thornton* and remand the case to the trial court for a post-trial hearing. Id. at 165. If the court determines that disclosure is required, a new trial must be ordered. If not, Johnson has leave to file a new appeal within 30 days of the trial court's decision. Id. at 165-166.

I am authorized to state that Presiding Judge Blackburn and Judge Mikell join in this dissent.

DECIDED JULY 11, 2005 —

Stacy D. Barnett, for appellant.
Garry T. Moss, District Attorney, Scott T. Poole, Assistant District Attorney, for appellee.