S05G1928. THE STATE v. JOHNSON.
(630 SE2d 377)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *Johnson v. State*, 274 Ga. App. 282 (617 SE2d 252) (2005), to review the determination by the Court of Appeals that the trial court erred in refusing to give Johnson's requested jury charge on the doctrine of equal access in his trial for possession of cocaine with intent to distribute. Finding that the requested charge was not warranted, we reverse.

The evidence recited by the Court of Appeals shows that, acting on information from a confidential informant, on February 11, 2002, police secured a warrant to search Johnson's vehicle. The warrant was executed on February 19, 2002, and twelve grams of crack cocaine were found in the console in the ceiling between the two front seats. Johnson also had $997 in cash in his pocket, and there was evidence that such an amount indicated that one was a dealer of crack cocaine, rather than merely a user.

Johnson testified at trial, denying the drugs were his, and asserting that they were planted in his vehicle by someone else. He

---

said that while he was visiting the home of his cousin, Marvin Johnson ("Marvin"), his vehicle was unattended and unlocked. Two witnesses testified that on the night of February 19, 2002, while Johnson was inside Marvin's house, Cedric Bridges entered Johnson's car and moved his hands around the area above the driver's seat. One witness testified that, immediately afterward, Bridges gave the other witness a piece of crack cocaine, said that the two witnesses should split it, and not to say anything about it. Johnson also presented his own testimony, and that of another witness, to explain the presence of the money on his person.

The trial court denied Johnson's request to instruct the jury regarding the doctrine of "equal access" to the place where contraband is found. A majority of the Court of Appeals reversed, ruling that an "equal access" instruction should have been given. This Court granted the State's petition for certiorari.[1]

In its discussion of the equal access rule,[2] the Court of Appeals quoted from *Wilkerson v. State*, 269 Ga. App. 190, 191-192 (2) (603 SE2d 728) (2004):

> The equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, *overcome the presumption that the contraband was in the exclusive possession of the owner or driver.*

(Emphasis supplied.) *Johnson*, supra at 284-285. Although in its decision, the Court of Appeals relied upon precedent that the purpose of an equal access charge is to rebut the permissive presumption of exclusive possession by the owner or driver of a vehicle, in this case no such presumption arose; the jury was never instructed on any presumption of possession.

---

[1] Further facts can be found in the opinion of the Court of Appeals. *Johnson*, supra.

[2] Johnson submitted his request for a jury instruction on equal access by filing a document that requested that the trial court give the "charges from the Uniform Jury Charges listed in Exhibit 'A' "; included in Exhibit "A" was simply the text: "Equal Access – page 136." No further elucidation concerning the language of the instruction requested appears in the record; we note that the State submitted its requests for jury instructions in a similar manner. The Court of Appeals did not address any issue concerning this procedure, and our grant of certiorari does not encompass consideration of whether this request for jury instruction satisfies Uniform Superior Court Rule 10.3, or complies with the stricture that to warrant appellate review, requests for jury instructions must be written. See *Burger v. State*, 245 Ga. 458, 459 (5) (265 SE2d 796) (1980). In any event, the Court of Appeals addressed language from *Wilkerson v. State*, 269 Ga. App. 190, 191-192 (2) (603 SE2d 728) (2004), and we will address the Court of Appeals's analysis of that language.

The *Wilkerson* quote accurately reflects the law; a charge on equal access is appropriate to counter a jury instruction on presumption of possession, and is not necessary otherwise.

> Equal access is merely a defense available to the accused to whom a presumption of possession flows. Where the State did not show the indicia giving rise to the presumption, that is, ownership or exclusive control of the vehicle, no presumption arose and therefore there was no triggering of the equal access defense. [Cit.]

*Thompson v. State*, 234 Ga. App. 74, 77 (3) (506 SE2d 201) (1998). This principle has been expressed in numerous appellate decisions. See, e.g., *Mitchell v. State*, 222 Ga. App. 453, 454 (1) (b) (474 SE2d 306) (1996); *Jackson v. State*, 216 Ga. App. 842, 845 (2) (456 SE2d 229) (1995); *Jones v. State*, 200 Ga. App. 519, 521 (2) (c) (408 SE2d 823) (1991); *Lance v. State*, 191 Ga. App. 701, 703 (2) (382 SE2d 726) (1989); *Akins v. State*, 184 Ga. App. 441 (1) (361 SE2d 707) (1987); *Castillo v. State*, 166 Ga. App. 817, 822 (2) (305 SE2d 629) (1983). See also *Knighton v. State*, 248 Ga. 199, 200, n. 1 (282 SE2d 102) (1981), and *Burdett v. State*, 159 Ga. App. 394 (2) (283 SE2d 622) (1981), discussing instructions that a jury may presume possession from the fact that contraband was found in a person's home, but that the presumption could be rebutted. Although evidence may have been introduced that satisfied the factual predicate for a presumption charge, none was given, and qualified jurors under oath are presumed to follow the instructions given by the trial court. *Allen v. State*, 277 Ga. 502, 504 (3) (c) (591 SE2d 784) (2004). Accordingly, no presumption arose.

A requested jury charge must be "legal, apt and *precisely* adjusted to some principle involved in the case and be authorized by the evidence." (Punctuation omitted; emphasis in original.) *Lane v. State*, 268 Ga. 678, 680 (2) (492 SE2d 230) (1997). "A requested charge should be delivered if it is a correct statement of law that is pertinent and material to an issue in the case and not substantially covered by the charge actually given." *Pruitt v. State*, 258 Ga. 583, 588 (373 SE2d 192) (1988). As no presumption arising from the presence of cocaine in Johnson's vehicle was placed before the jury, there was nothing to make the rebuttal of an "equal access" charge material to Johnson's trial.[3]

---

[3] The Court of Appeals's opinion addresses the issue of whether "equal access" was Johnson's "sole defense," requiring that the jury be instructed on the principle. *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). The parties also address this issue in this Court. However, we believe this discussion misses the mark. First, determination of whether a legal

Further, the equal access language that the Court of Appeals evaluated, by its own terms, " 'applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle.' " *Johnson*, supra at 285. And, it is not the case that Johnson's ownership of the vehicle was the sole evidence of his possession of cocaine with intent to distribute. He had a large sum of cash on his person, consistent with a person being a dealer of crack cocaine.[4] See *Pittman v. State*, 208 Ga. App. 211, 214-215 (2) (430 SE2d 141) (1993). Johnson was also admittedly in Marvin's home the night of Johnson's arrest; Marvin was arrested for possession of crack cocaine with intent to distribute within a few months of Johnson's arrest; there had been six arrests for crack cocaine "out of [Marvin's] house" in the year preceding trial, and "40 or 50" arrests within 50 yards of his house in the "last few years" before Johnson's trial. As ownership of the vehicle was not the sole evidence of Johnson's possession of crack cocaine with intent to distribute, an equal access instruction was not warranted. *Wilkerson*, supra at 192.

*Judgment reversed. All the Justices concur, except Benham, J., who dissents.*

DECIDED MAY 17, 2006.

*Garry T. Moss, District Attorney, Scott T. Poole, Assistant District Attorney*, for appellant.
*Stacy D. Barnett*, for appellee.

---

concept is a defendant's sole defense most properly relates to whether a trial court must sua sponte instruct the jury on the defense. See *Smith v. State*, 279 Ga. 172, 174 (2) (611 SE2d 1) (2005). When, as in this case, a request for a jury instruction is submitted to the court, the preliminary question must be whether the requested charge is appropriate. Second, "equal access" was not Johnson's sole defense; properly viewed, his defense was that the State did not prove the elements of the crime of which he was charged, possession of cocaine with intent to distribute, and without knowledge of the presence of cocaine in his vehicle, he could have no intent concerning it. Id.

[4] Johnson asserts that he explained his possession of the money. However, his evidence in explanation did not eliminate the State's evidence, it simply created a question of fact for the jury's resolution; the jury was free to reject Johnson's evidence and conclude that possession of $997 in cash was additional evidence of Johnson's possession of cocaine with intent to distribute. See *Conaway v. State*, 277 Ga. 422, 423 (1) (589 SE2d 108) (2003).