## A05A0355. JOHNSON v. THE STATE.
### (642 SE2d 340)

PHIPPS, Judge.

In *State v. Johnson*,[1] the Supreme Court of Georgia ruled that Terry Lamar Johnson's requested charge on the doctrine of equal access in his trial for possession of cocaine with intent to distribute was not warranted and reversed the judgment of this court with respect to Division 2 of *Johnson v. State*,[2] thereby affirming the trial court's judgment. Therefore, we vacate Division 2 of our earlier opinion and adopt the opinion of the Supreme Court as our own.

Divisions 1 and 3 of our earlier opinion were not addressed by the Supreme Court and therefore those Divisions still stand. In accordance with our holding in Division 3 of our earlier opinion, the case is remanded to the trial court for a post-trial hearing regarding the identity of the informant. If the informant was Bridges, that information must be timely provided to Johnson, and a new trial must be ordered. If the informant was not Bridges, the informant's identity need not be disclosed to Johnson, and a new trial is not required. Accordingly, the judgment of the trial court is affirmed and the case is remanded with direction.

*Judgment affirmed and case remanded with direction. Barnes, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Ruffin and Mikell, JJ., concur.*

DECIDED FEBRUARY 20, 2007.

*Stacy D. Barnett,* for appellant.

*Garry T. Moss, District Attorney, Scott T. Poole, Assistant District Attorney,* for appellee.

---

[1] 280 Ga. 511 (630 SE2d 377) (2006).
[2] 274 Ga. App. 282, 284 (2) (617 SE2d 252) (2005).