### A04A2304. DAVIS v. THE STATE.
(607 SE2d 924)

BLACKBURN, Presiding Judge.

Following his conviction by a jury of possession of cocaine with intent to distribute[1] and misdemeanor possession of marijuana,[2] and the denial of his motion for new trial, Sammy Davis appeals, maintaining that (1) the evidence was insufficient to support his convictions, and (2) he received ineffective assistance of counsel. For the reasons which follow, we affirm.

1. In two enumerations of error, Davis maintains that the evidence was insufficient to support his convictions for possession of cocaine with intent to distribute and possession of marijuana.

> The standard of review for sufficiency of the evidence is set out in *Jackson v. Virginia.*[3] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

---

[1] OCGA § 16-13-30 (b).

[2] OCGA § 16-13-2 (b).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Taylor v. State.*[4]

Viewed in this light, the record shows that, on the night of February 10, 2002, Davis and Travis Cobb were sitting in Davis's pickup truck in an area known for drug activity. There, they saw Kim Lane, who had come to the area to buy marijuana and crack cocaine. Lane, who had already purchased drugs, asked Davis for a ride. Davis, who was sitting in the passenger seat of his truck, got out of the truck, told Lane to take the passenger seat, and started toward the back of the truck. Moments later, Davis returned to the passenger side window and said, "Nine," a code word meaning that police were coming. Davis then told Cobb to "get rid of the shit."

When Lane heard Davis say, "Nine," she swallowed the drugs she had purchased for herself. At this point, police officers came up on both sides of the truck. Looking into the truck, they saw approximately 50 pieces of crack cocaine on Lane's lap and shirt. After Cobb, Lane, and Davis, who was standing at the rear of the truck when the police arrived, were arrested, the police found more crack cocaine in the driver's seat where Cobb had been sitting, $577.01 on Cobb's person, and loose marijuana on the floorboard of the truck; they also found more crack cocaine in the back of the truck. This evidence was sufficient to support Davis's convictions.

In contesting the sufficiency of the evidence, Davis points out that the cocaine found in the cab of the truck and the cocaine found in the bed of the truck were packaged as two separate samples, that only one of the samples was tested, and that no evidence was presented to show that it was the sample from the truck bed rather than the sample from the interior of the truck, where Cobb was sitting, which tested positive for cocaine. Accordingly, Davis argues, the State failed to prove that he was in possession of cocaine. Davis also argues that there was no evidence to connect him to the marijuana because it was found on the floorboard on the driver's side of the truck where Cobb, not he, was sitting. These arguments are meritless.

First, with respect to the cocaine, the forensic chemist from the State crime lab testified at trial that he did a chemical analysis of the first sample and found that it tested positive for cocaine. He also testified that the second sample, which he did not test, looked virtually identical to, and had the same appearance, color, and texture as, the first sample. This was sufficient evidence from which a jury could conclude that both of the samples contained cocaine. *Pitts v. State.*[5]

---

[4] *Taylor v. State*, 266 Ga. App. 818 (598 SE2d 122) (2004).
[5] *Pitts v. State*, 260 Ga. App. 553, 557 (3) (580 SE2d 618) (2003).

Second, Davis owned the truck in which both samples of cocaine and the marijuana were found.

> Under Georgia law, the driver and owner of an automobile, in the absence of any circumstances to the contrary, is presumed to have possession and control of contraband found in the automobile, but this presumption is rebuttable by evidence of equal access. And in this context, evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver.

(Punctuation and footnote omitted.) *Johnson v. State.*[6] However, the equal access "rule, conceptually and historically, has no application where, as here, all persons allegedly having equal access to the contraband are alleged to have been in joint constructive possession of that contraband." (Punctuation omitted.) *Brownlee v. State.*[7]

In this case, the State charged all of the defendants with possession of cocaine with intent to distribute and misdemeanor possession of marijuana. "Possession may be joint or exclusive, and actual or constructive." *Reed v. State.*[8] The evidence presented at trial would authorize a finding that Davis, Cobb, and Lane had equal access to the cocaine and marijuana and were in joint possession of the drugs. Id. By showing circumstantially that Davis and his co-defendants had equal access to the cocaine and marijuana, the evidence established that Davis and his co-defendants were parties to the crime and thus guilty of joint constructive possession of the drugs. Id. Indeed, Davis, who was in the passenger seat of the truck just before the police arrived and near the back of the truck after the police arrived, was near both drug stashes. "Such evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, supra." Id. at 147.

2. Davis asserts that his trial counsel rendered ineffective assistance because he allowed three jurors to remain on the jury panel after they were struck. There is nothing in the record that supports this assertion. The voir dire was not transcribed; Davis's trial counsel testified at the hearing on the motion for new trial that the jurors did

---

[6] *Johnson v. State*, 268 Ga. App. 808, 809-810 (602 SE2d 840) (2004).

[7] *Brownlee v. State*, 173 Ga. App. 138, 139 (1) (325 SE2d 815) (1984).

[8] *Reed v. State*, 244 Ga. App. 146 (534 SE2d 871) (2000).

not remain on the panel, and the trial court also expressed its disbelief at Davis's version of the facts. "This court cannot consider the factual assertions of the parties appearing in briefs when such evidence does not appear on the record." (Punctuation omitted.) *State v. Ganong.*[9] Accordingly, this enumeration of error presents nothing for our review.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED DECEMBER 6, 2004.

*McGee & McGee, James B. McGee III*, for appellant.

*Richard E. Currie, District Attorney, Melanie J. Brogden, Assistant District Attorney*, for appellee.

---

[9] *State v. Ganong*, 221 Ga. App. 250 (470 SE2d 794) (1996).

