A06A0035. JOHNSON v. THE STATE.
(630 SE2d 612)

MILLER, Judge.

Following a jury trial, Edward C. Johnson was convicted of cocaine trafficking, having improper headlights on his vehicle, and driving with a suspended license. On appeal, he challenges the

sufficiency of evidence only as to his convictions for cocaine trafficking and driving with a suspended license. He also contends that his trial counsel was ineffective. We discern no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence reveals that a police officer saw Johnson driving a car with a broken headlight and pulled him over. The officer asked Johnson if he had a driver's license, and Johnson stated that he did not. The officer ran a check on Johnson's driver's license history, and discovered that Johnson's license had been suspended.

A second officer looked in the car that Johnson had been driving and, in plain view on the floorboard in front of the driver's seat, saw a plastic bag containing a white powdery substance. After testing, it was determined that the substance in the plastic bag was more than 29 grams of 39.61 percent pure cocaine.

Johnson claimed that the car belonged to a man that he referred to as his "uncle," and that he knew nothing about the cocaine. The police discovered, however, that the car was not registered to that man, but to a woman with whom Johnson and the "uncle" lived.

1. Johnson contends that the evidence was insufficient to sustain his convictions for cocaine trafficking and driving with a suspended license. We disagree.

With respect to the conviction for driving with a suspended license, Johnson's admission that he did not have a driver's license, coupled with the certified copy of Johnson's license-suspension notice that was admitted at trial, sufficed to sustain this conviction. See *Wilson v. State*, 278 Ga. App. 420 (629 SE2d 110) (2006).

With regard to the conviction for cocaine trafficking, the evidence showed that the cocaine in excess of twenty-eight grams was in plain view; the cocaine was directly in front of Johnson; Johnson was the only person in the car; and the cocaine had a purity of over ten percent. This evidence sufficed to show Johnson's constructive possession of an amount of cocaine that would authorize a conviction for trafficking. See, e.g., *Mitchell v. State*, 222 Ga. App. 453, 455 (2) (474 SE2d 306) (1996); OCGA § 16-13-31 (a) (1).

2. Johnson argues that his trial counsel was ineffective for (a) failing to object to the State's similar transaction evidence, (b) failing

to object to alleged hearsay testimony, (c) failing to object to a certain State's exhibit, and (d) failing to request a jury charge on equal access. We disagree.

To prove ineffective assistance, Johnson was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Here, evidence supported the trial court's finding that Johnson did not meet his burden of showing deficient performance or prejudice based on his counsel's actions.

(a) All three of the State's similar transactions involved Johnson possessing or transporting cocaine. Each of the transactions also took place around the same time of night as the offense for which Johnson was tried, and within a few blocks of the place where he had been pulled over. Two of the transactions involved Johnson possessing amounts of cocaine or cash and cocaine that would indicate an intent to distribute, and the third transaction even involved Johnson being pulled over for a headlight violation and driving with a suspended license. The transactions were admitted at trial for the limited purpose of showing Johnson's bent of mind. As such, the similar transactions were properly admitted (see, e.g., *Kates v. State*, 271 Ga. App. 326, 329 (3) (609 SE2d 710) (2005)), and trial counsel's failure to object to their admission could not constitute ineffective assistance. *Owens v. State*, 271 Ga. App. 365, 370 (5) (609 SE2d 670) (2005) ("Failure to make a meritless or futile objection or motion cannot be evidence of ineffective assistance.") (citations and footnotes omitted).

(b) Johnson claims that his counsel was ineffective for failing to object to the arresting officer's hearsay testimony about running a check on Johnson's license history. Regardless of whether or not trial counsel should have objected, however, no prejudice resulted to Johnson from counsel's failure to object. Johnson himself admitted that he did not have a driver's license at the time he was pulled over, and the fact that his license had been suspended was confirmed by the admission of a certified copy of Johnson's license-suspension notice, not by the officer's alleged hearsay testimony. Accordingly, evidence supported the trial court's conclusion that Johnson did not carry his burden of showing ineffective assistance on this ground. See *Williams v. State*, 256 Ga. App. 249, 253 (2) (568 SE2d 132) (2002).

(c) Johnson claims that his trial counsel was ineffective for failing to object to State's Exhibit 4 — the certified court documents relating to one of the similar transactions. Specifically, he claims that the exhibit placed his character in issue by showing that he had been

charged with other crimes beyond the drug offense that formed the specific basis for the similar transaction. The record, however, reveals that the trial court specifically limited the jury's consideration to those issues directly related to the similar transaction, and instructed the jury to disregard any reference to other alleged offenses that had nothing to do with the similar transaction. Thus, evidence supported the trial court's conclusion that no prejudice resulted to Johnson from his counsel's failure to object to this evidence. See *Sneed v. State*, 267 Ga. App. 640, 641-642 (2) (c) (600 SE2d 720) (2004) (defendant failed to show he was prejudiced by his counsel's failure to object to statements purported to show his bad character).

(d) "In the absence of a charge to the jury as to the presumption of possession or its equivalent, it is not error to fail to charge on equal access where the charge as a whole substantially and adequately covers the principles contained in an equal access instruction." (Citations omitted.) *Mitchell v. State*, supra, 222 Ga. App. at 454 (1) (b).

Here, the trial court did not charge the jury on any presumption of possession arising due to Johnson being the driver of the car in which the cocaine was found. The trial court did charge the jury, however, that Johnson was presumed innocent until proven guilty; that the State had the burden of proof; that there was no burden of proof on Johnson; that the burden of proof did not shift to Johnson to prove his innocence; and that the jury had the duty to acquit Johnson if the State failed to prove his guilt beyond a reasonable doubt.

Under these circumstances, the charge as a whole adequately covered the principles contained in an equal access charge. *Mitchell v. State*, supra, 222 Ga. App. at 454 (1) (b). Accordingly, Johnson was not prejudiced by his trial counsel's failure to request such a charge. Id.; see also *Render v. State*, 240 Ga. App. 762, 763 (b) (525 SE2d 134) (1999).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 26, 2006.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, Dan Trimble, Assistant District Attorney*, for appellee.