A07A2039. RAMIREZ v. THE STATE.

(658 SE2d 790)

BERNES, Judge.

Following a jury trial, Remigio Pineda Ramirez was convicted of trafficking in methamphetamine. On appeal, Ramirez argues that the trial court erred in denying his motion for directed verdict and in charging the jury that it was authorized to infer that the driver of a vehicle possesses and controls all the property found in the vehicle. We disagree and affirm.

On June 20, 2005, Ramirez and a passenger were riding in a vehicle with a "drive-out tag."[1] An officer with the Gwinnett County Police Department stopped Ramirez's vehicle in order to verify its ownership. Ramirez did not have a Georgia driver's license. When asked for proof of insurance, Ramirez provided an insurance card that indicated that the vehicle was insured by someone other than himself. The officer ran the vehicle identification number and learned that the vehicle was registered to yet a third individual. The officer placed Ramirez under arrest for driving without a valid Georgia driver's license.

The officer then asked Ramirez's passenger to exit the vehicle. In response to the officer's questioning, the passenger identified himself as Juan Uribe Sanchez, although it was later determined that this was not his true identity.

The officer called a K-9 unit to the scene. As the dog and its handler walked around the vehicle, the dog alerted to the driver's side door. A subsequent search of the vehicle revealed a brown paper bag on the back passenger seat on the driver's side. Inside the brown bag was a Tupperware container containing what was later identified as

---

[1] A drive-out tag is a temporary tag placed on a new or newly purchased used vehicle to allow the purchaser to operate the vehicle on public highways and streets during the period within which he or she is required to register the vehicle. OCGA § 40-2-8 (b) (2) (A).

441.11 grams of methamphetamine, having an estimated street value between $11,000 and $15,000.

Ramirez and his passenger were both arrested and charged with trafficking in methamphetamine. A later fingerprint comparison revealed that the actual identity of Ramirez's passenger was Carlos Arzate. Arzate pled guilty to a lesser charge and did not testify during Ramirez's trial.

1. Ramirez argues that the evidence presented at trial was insufficient to sustain his conviction and that the trial court erred in not directing a verdict in his favor. We disagree.

The evidence showed that Ramirez was driving a vehicle which contained a substantial amount of methamphetamine, over which he presumptively had possession and control. See *Davis v. State*, 270 Ga. App. 777, 779 (607 SE2d 924) (2004) (there is a rebuttable presumption that the driver or owner of an automobile exercised possession and control of contraband found in the automobile); *Crenshaw v. State*, 248 Ga. App. 505, 507 (1) (546 SE2d 890) (2001). The methamphetamine had an estimated street value in excess of $11,000 and was discovered on the seat directly behind Ramirez. The vehicle was registered to someone other than Ramirez and was insured by yet a third individual. Ramirez's contrary arguments notwithstanding, an investigator who had training and experience in methamphetamine investigations testified that narcotics dealers routinely use vehicles registered to others in an effort to conceal the location and identity of those involved in the transaction. This evidence, and the absence of any evidence by Ramirez to rebut the presumption of his possession, was sufficient to support his conviction of trafficking in methamphetamine. *Davis*, 270 Ga. App. at 779; *Taylor v. State*, 263 Ga. App. 420, 422 (1) (587 SE2d 791) (2003); *Mendez v. State*, 185 Ga. App. 1, 1-2 (1) (363 SE2d 262) (1987); *Robinson v. State*, 175 Ga. App. 769, 772 (2) (334 SE2d 358) (1985).

It is true, as argued by Ramirez, that the presumption of possession flowing from a defendant's status as driver of a vehicle may be rebutted if the driver presents evidence that other persons had equal access to the vehicle and contraband. *Turner v. State*, 276 Ga. App. 381, 382-383 (623 SE2d 216) (2005). Notably, however, "the equal access rule does not apply to eliminate the presumption of possession where all persons allegedly having equal access to the contraband are alleged to have been in joint constructive possession of [the] contraband." (Citation, punctuation and footnote omitted.) Id. at 383. Thus, in cases where the driver and passengers are charged with joint constructive possession of contraband found in the vehicle, the state may rely on the presumption to show that the driver exercised possession and control over the contraband, but the driver is not

entitled to rely on the equal access rule to rebut the presumption.[2] See *Davis*, 270 Ga. App. at 779; *Taylor*, 263 Ga. App. at 422 (1); *Mendez*, 185 Ga. App. at 1-2 (1); *Robinson*, 175 Ga. App. at 772 (2).

Because this case involved allegations of joint constructive possession and both Ramirez and his passenger were charged with the crime, the equal access cases upon which Ramirez primarily relies are inapposite. Compare *Johnson v. State*, 245 Ga. App. 583, 585-586 (538 SE2d 481) (2000) (defendant was a temporary occupant of a room in which drugs were found and the evidence showed that numerous other noncharged third parties also occupied the premises); *Mackey v. State*, 234 Ga. App. 554, 555-556 (507 SE2d 482) (1998) (uncontroverted evidence that noncharged third parties had access to the vehicle); *Hughes v. State*, 215 Ga. App. 6 (449 SE2d 547) (1994) (passenger was found in actual possession of the drugs); *Whipple v. State*, 207 Ga. App. 131, 132 (1) (427 SE2d 101) (1993) (uncontroverted evidence that noncharged third parties, in addition to the passenger, had access to the vehicle).

2. Ramirez also contends that the trial court erred in charging the jury that it was permitted, but not required, to infer the driver of a vehicle is in possession and control of all of the property located in the vehicle. As explained in Division 1, the court's charge on the rebuttable presumption of possession and control was proper in this case. See *Davis*, 270 Ga. App. at 779; *Taylor*, 263 Ga. App. at 422 (1); *Mendez*, 185 Ga. App. at 1-2 (1); *Robinson*, 175 Ga. App. at 772 (2).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MARCH 4, 2008.

*Robert Greenwald*, for appellant.
*Daniel J. Porter, District Attorney, Jimmie E. Baggett, Jr., Assistant District Attorney*, for appellee.

---

[2] The State cannot rely on joint constructive possession to negate the equal access rule unless the driver and passenger are both charged with joint constructive possession of the drugs. *Turner*, 276 Ga. App. at 383-384.