## A11A1066. DELAVEGA v. THE STATE.
### (717 SE2d 681)

SMITH, Presiding Judge.

Daniel Delavega appeals from his convictions for trafficking in cocaine and operating a vehicle with a false compartment. In his sole enumeration of error, Delavega contends that insufficient evidence supports his conviction.[1] We disagree and affirm.

Viewed in the light most favorable to the verdict, the record shows generally that Delavega was driving a car in which the gas tank had been modified to include a hidden compartment containing $130,000 in cash bundles and nearly a kilogram of cocaine. Delavega and his passenger, Feliciano, worked together at an automobile repair shop and were driving from North Carolina to Atlanta at the time of their arrest. The arresting officer testified that he smelled automobile body filler ("Bondo") when he opened the car door, that Delavega and Feliciano gave conflicting stories about their travel plans, and that there was no extra clothing or luggage in the car for an overnight trip.

Delavega testified at trial and denied any knowledge of the hidden compartment. He claimed that he did not smell Bondo while driving the car and explained that he did not take any clothes with him on the overnight trip because "they probably — they're going to provide us or buy some at, like, WalMart. Just — it's going to be one night."

---

[1] This court has already considered and rejected an identical claim by Delavega's co-defendant, Armando Feliciano, based upon the same facts set forth in detail in our opinion in *Feliciano v. State*, 302 Ga. App. 328 (690 SE2d 680) (2010).

Delavega asserts that the equal access rule and his testimony that he was unaware of the hidden compartment provide a reasonable hypothesis of innocence. We rejected this claim in *Feliciano*, supra, for the following reason:

> Both Delavega and Feliciano were charged in the same indictment with jointly trafficking in cocaine, and equal access provides no defense where, as here, the evidence shows that the person who had equal access was in joint constructive possession of the contraband.[2] Thus, evidence existed for the jury to find that Feliciano was guilty of trafficking in cocaine beyond a reasonable doubt.

(Citations, punctuation and footnotes omitted.) Id. at 331. Based upon this reasoning, the presumption that the driver of an automobile is in constructive possession of an automobile, the conflicting stories provided by Delavega and Feliciano about their travel plans and the ownership of the car, Delavega's lack of luggage for an overnight trip, and his denial of the smell of Bondo, we find sufficient evidence supports the jury's verdict beyond a reasonable doubt. Id. As we noted in *Feliciano*, "[a] jury could infer that one or both were lying and that these lies evidenced guilty knowledge." (Citations, punctuation and footnote omitted.) Id.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED OCTOBER 14, 2011.

*Mary Erickson*, for appellant.

*J. Bradley Smith, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[2] Our opinion in *Whipple v. State*, 207 Ga. App. 131 (427 SE2d 101) (1993), does not control. In that case, the equal access defense applied based upon uncontroverted evidence that noncharged parties had access to the car in which drugs were hidden. Id. at 132 (1). See *Ramirez v. State*, 290 Ga. App. 3, 5 (1) (658 SE2d 790) (2008).