**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**August 30, 2012**

# In the Court of Appeals of Georgia

A12A0904. SABB v. THE STATE.

MILLER, Judge.

Following a jury trial, Alicia Veleka Sabb was convicted of trafficking in cocaine (OCGA § 16-13-31 (a) (1)).[1] Sabb filed a motion for new trial, which the trial court denied. On appeal, Sabb contends that the evidence was insufficient to sustain the drug trafficking conviction. We disagree and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the

---

[1] Sabb was also charged with misdemeanor possession of marijuana (OCGA §§ 16-13-2 (b), 16-13-30 (j) (1)). Sabb entered a negotiated guilty plea to the possession of marijuana drug offense. Sabb does not challenge the propriety of her guilty plea and misdemeanor conviction.

charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Punctuation omitted.) *Johnson v. State*, 279 Ga. App. 98, 99 (630 SE2d 612) (2006).

So viewed, the trial evidence showed that on the evening of January 3, 2010, an officer with the Gwinnett County Highway Interdiction Team initiated a traffic stop of a car driven by Sabb and occupied by her co-defendant boyfriend. Upon approaching, the officer smelled the odor of burnt marijuana emanating from inside of the car. Sabb and her co-defendant avoided eye contact with the officer and gave inconsistent responses to the officer's inquiries as to their destination. When the officer asked Sabb for the co-defendant passenger's name, Sabb misinformed the officer of the co-defendant's last name. The officer observed that Sabb's co-defendant was extremely nervous, visibly shaking, and sweating heavily although it was very cold that night.

While the officer continued to engage in procedures related to the stop, Sabb exited the car and went with the officer to his patrol car. The officer explained that he had smelled marijuana inside the car and requested Sabb's permission to search the car for narcotics. Sabb gave the officer consent for the search.

A backup officer arrived at the scene to assist with the search. The backup officer observed that Sabb's co-defendant was sweating profusely "as if he had been running a marathon" and avoided eye contact by looking straight ahead. Sabb's co-defendant was asked to step out of the car so that the search could proceed. As the co-defendant exited the car, the officers observed a broken, white rock substance in the passenger seat and white powder on the co-defendant's hands. Based upon the officers' training and experience, they suspected that the substance was cocaine.

During the search of the car, the officers also found a large quantity of the white powder substance in a clear plastic bag that was between the driver and the front passenger seats. The officers testified that there was no center console or discernible space between the seats, and the bag was in plain view between the seats. The officers also testified that they did not observe Sabb or her co-defendant making any furtive movements at the time of the stop, and therefore, the bag must have been present between the seats prior to the stop. In addition to finding the bag of suspected cocaine, the officers found a small marijuana blunt inside the car's ashtray and a bag of marijuana inside Sabb's purse.

The bag containing the suspected drug substance was delivered to the GBI State Crime lab for testing. The test results revealed that the substance was cocaine weighing approximately 44.78 grams, with a purity of 14.4%.

The evidence further reflected that the car had been rented in Sabb's name on December 29, 2009, and should have been returned on December 30, 2009, but Sabb still had possession of the car at the time of the stop on January 3, 2010. Sabb's co-defendant testified that although Sabb had her own personal vehicle, she had obtained the rental car pursuant to his request. Sabb's co-defendant also stated that he had never used the rental car without Sabb being present in the car with him. The officer testified that rental cars are commonly used in drug trafficking because they are usually non-descript, blend in with other vehicles on the roadway, and are not subject to forfeiture and seizure if the perpetrators are caught with drugs in the car.

Sabb and her co-defendant were jointly charged, tried, and convicted of the cocaine trafficking offense. Sabb contends that the evidence was insufficient to support her conviction. Her contention is without merit.

OCGA § 16-13-31 (a) (1) pertinently proscribes that "[a]ny person . . . who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a

purity of 10 percent or more of cocaine, as described in Schedule II, . . . commits the felony offense of trafficking in cocaine[.]"

> Possession of contraband may be actual or constructive. Moreover, joint constructive possession with another will sustain a conviction for possession of contraband. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons shared actual or constructive possession of a thing, possession is joint.

(Citation and punctuation omitted.) *Cochran v. State*, 300 Ga. App. 92, 94 (1) (a) (684 SE2d 136) (2009). Here, Sabb and her co-defendant passenger were both charged with the cocaine trafficking offense. Consequently, the state could establish the element of possession by showing that Sabb and her co-defendant were in joint constructive possession of the cocaine found in the car. See id. at 94-95 (1) (a).

Evidence that Sabb was the driver of the car gave rise to a rebuttable presumption that she exercised possession and control of the drug contraband found inside the car. See *Ramirez v. State*, 290 Ga. App. 3, 4 (1) (658 SE2d 790) (2008).

Sabb nevertheless claims that the car was rented and others may have had equal access to the car. Her claim, however, is unavailing.

> It is true . . . that the presumption of possession flowing from a defendant's status as driver of a vehicle may be rebutted if the driver presents evidence that other persons had equal access to the vehicle and contraband. Notably, however, the equal access rule does not apply to eliminate the presumption of possession where all persons allegedly having equal access to the contraband are alleged to have been in joint constructive possession of the contraband.

(Citations and punctuation omitted.) Id. at 4 (1); see also *Gamble v. State*, 223 Ga. App. 653, 655 (1) (478 SE2d 455) (1996) ("The equal access doctrine does not apply to those charged with being in joint constructive possession of contraband.") (citation omitted). Since Sabb and her co-defendant passenger were jointly charged with constructive possession of the drug contraband, Sabb was not entitled to rely on the equal access rule to rebut the presumption. See *Ramirez*, supra, 290 Ga. App. at 4-5 (1). Moreover, the evidence showed that Sabb had maintained control over the rental car for several days prior to the stop. Thus, the jury could infer that Sabb had possessed the car for a sufficient period of time to have knowledge of the car's contents, and that others did not have equal access to the car. See *Robinson v. State*, 175 Ga. App. 769, 772 (2) (334 SE2d 358) (1985).

6

Although circumstantial, the evidence was sufficient to establish Sabb's power and intent to exercise control over the cocaine found in the car. "To warrant a conviction on circumstantial evidence, the proved facts need exclude only reasonable hypotheses - not bare possibilities that the crime could have been committed by someone else. And questions of reasonableness are generally decided by the jury." (Citations and punctuation omitted.) *Cochran*, supra, 300 Ga. App. at 95-96 (1) (a). "As long as there is slight evidence of access, power, and intention to exercise control or dominion over the contraband, the question of fact regarding constructive possession remains within the domain of the trier of fact." (Punctuation and footnote omitted.) *Ferrell v. State*, 312 Ga. App. 122, 124 (1) (717 SE2d 705) (2011). A defendant's power to exercise control over the drugs may be inferred from access to the drugs, while the matter of intent may be derived from the surrounding circumstances. See *In the Interest of Q. P.*, 286 Ga. App. 225, 227 (648 SE2d 731) (2007). Significantly, the evidence in this case showed that Sabb was the driver of the car, and she exercised dominion and control over the car throughout its use over the course of several days; the baggy containing the cocaine was in plain view between her driver's seat and the front passenger seat, which showed Sabb's access to the drugs; and Sabb's demeanor in avoiding eye contact with the officer, along

with her inconsistent responses to the officer's inquiries concerning her destination and her co-defendant's name, reflected Sabb's consciousness of guilt.[2] See, e.g., *Cochran*, supra, 300 Ga. App. at 94 (1) (a); see also *Allen v. State*, 191 Ga. App. 623, 625 (2) (382 SE2d 690) (1989) (a "[d]efendant's intent to exercise control over the contraband can be inferred by the suspicious and inconsistent explanations defendant gave to the trooper before he conducted the search.") (punctuation omitted). Moreover, the evidence established that the amount of cocaine that Sabb possessed exceeded the statutory threshold quantities for the trafficking offense. See OCGA § 16-13-31 (a) (1); *Johnson*, supra, 279 Ga. App. at 99 (1). Since the evidence supported a finding that Sabb at least had joint constructive possession of the trafficking amount of cocaine, her conviction was authorized.

*Judgment affirmed. Mikell, P. J., and Ray, J., concur.*

---

[2] Although Sabb points to evidence of her co-defendant's culpability and asserts that he had "a contrasting demeanor and posture," there was also evidence of Sabb's own demeanor and conduct from which the jury could infer her consciousness of guilt. The officer testified that both Sabb and her co-defendant avoided eye contact with him and gave inconsistent explanations concerning their destination. In addition, Sabb gave misinformation to the officer when he asked for the co-defendant's last name.