**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 21, 2014**

# In the Court of Appeals of Georgia

A13A1925. McNEAL v. THE STATE.

MILLER, Judge.

Following a jury trial, Stevie Latawn McNeal was convicted of trafficking in cocaine (OCGA § 16-13-31 (a)), possession of marijuana with intent to distribute (OCGA § 16-13-30 (j); obstruction of an officer (OCGA § 16-10-24 (a)); and failure to maintain lane (OCGA § 40-6-48). McNeal appeals from the denial of his motion for new trial, contending that the evidence is insufficient to support his drug convictions; the trial court erred in instructing the jury; and his trial counsel was ineffective. We discern no harmful error and affirm.

On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict and [the defendant] no longer enjoys a presumption of innocence. In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence

or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*[, 443 U.S. 307, 319 (III) (B) (99 SCt. 2781, 61 LE2d 560) (1979)].

(Citation, punctuation and footnotes omitted.) *White v. State*, 295 Ga. App. 366 (671 SE2d 851) (2008).

So viewed, the evidence was that, on February 13, 2006, a Spalding County Sheriff's corporal, who was a supervisor in the narcotics unit, special operations, was patrolling I-75 southbound when he observed a tan Ford F-150 crossing the fog line[1] several times. The corporal and his partner conducted a traffic stop and found McNeal driving and Lamont Walters[2] in the passenger seat of the truck. When the corporal first walked up to the passenger window, he smelled the overwhelming odor of marijuana coming from inside the truck. He asked McNeal for his driver's license, which McNeal provided. As McNeal handed the license to him, the corporal noticed that McNeal's hand was trembling, Walters was breathing heavily, and the corporal

---

[1] The outermost solid white line on the side of the interstate.

[2] Lamont Walters's conviction of trafficking in cocaine and possession of marijuana with intent to distribute was affirmed in unpublished opinion A10A2206, issued December 28, 2010.

2

could see a visible pulse in Walters's neck. McNeal got out of the truck at the corporal's request and moved to the rear. The corporal observed McNeal's eyes were bloodshot and glassy. The corporal asked McNeal whose truck it was and McNeal responded that it was a rental. Asked who his passenger was, McNeal responded "Marcus," but could not tell the corporal his last name. When asked if Walters had the rental papers, McNeal called to him and Walters began to get out of the truck. The corporal told Walters to stay in the truck and asked for the rental agreement. As Walters was getting the agreement, the corporal saw in plain view what he believed to be pieces of marijuana or marijuana residue on the front floorboard of the truck. The corporal picked up the piece closest to the passenger door jamb and, in his opinion, it was marijuana. The corporal then asked Walters to get out of the truck and for some identification. As Walters was getting identification from his wallet, the corporal saw two stacks of $100 bills wrapped in plastic,[3] which the corporal considered highly suspicious.

At this point, the corporal began to search the truck. In the middle of the back seat, he observed something large covered by two jackets. Lifting the jackets, the corporal saw a large dark plastic bag. He put his hand on the bag and immediately

_____

[3] The bills totaled $2,400.

recognized the contents as suspected marijuana. The corporal went to McNeal and started to place him under arrest. McNeal attempted to break away and ran towards the driver's side of the truck. After wrestling with McNeal, the corporal pulled his Taser and told McNeal if he did not quit fighting, he was either going to taze him or release his patrol dog on him. McNeal then got down on the ground and the corporal handcuffed him while his partner handcuffed Walters.

After securing the two men, the corporal returned to the truck and opened the black plastic bag in the back seat. He found eight one-gallon ziplock bags containing marijuana, along with several sandwich size bags of marijuana. The corporal also recovered two more plastic baggies of marijuana from a shopping bag. The marijuana had a total weight of 9.75 pounds. Behind the driver's seat on the floorboard, the corporal found a tan leather bag similar to a bowling bag. Inside the leather bag, the corporal found a large brick, wrapped in two plastic bags, which proved to be a kilogram (2.2 pounds) of 75.6 % pure powder cocaine. In one of the jackets from the back seat, which was claimed by Walters, the corporal found a small bag of marijuana. While the officers and the two men were waiting for transport, Walters asked, if he claimed all the "dope," would they let McNeal go. The corporal

4

responded negatively and cautioned Walters about any statements he made because the corporal had not yet advised the men of their rights.

1. In his first two enumerations, McNeal argues that the circumstantial evidence was insufficient to support his convictions of possession of marijuana with intent to distribute and trafficking in cocaine and the State failed to exclude the reasonable hypothesis that the drugs were solely possessed by Walters. We disagree.

> [T]he law recognizes that possession can be actual or constructive, sole or joint. A person has actual possession of a thing if he knowingly has direct physical control of it at a given time. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. If one person alone has actual or constructive possession of a thing, possession is sole, but if two or more persons share actual or constructive possession of a thing, possession is joint.

(Citation and punctuation omitted.) *Holiman v. State*, 313 Ga. App. 76, 78 (1) (720 SE2d 363) (2011). See also *Maddox v. State*, 322 Ga. App. 811, 811-814 (1) (746 SE2d 280) (2013) (Maddox, who was front seat passenger in car owned by another, found in constructive possession of cocaine in console between passenger and

5

driver's seats when noone was in driver's seat, back seat passengers could not easily access console, and Maddox had bundles of cash on his person).

In this case, both McNeal and Walters were charged with trafficking in cocaine and possession of marijuana with intent to distribute. Therefore, the State was not required to show that McNeal was in sole constructive possession of the cocaine and marijuana, but rather that McNeal and Walters were in joint constructive possession of the drugs.

"A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Mere presence without proof of participation is insufficient." (Citation omitted.) *Vines v. State*, 296 Ga. App. 543, 545 (675 SE2d 260) (2009). Here, McNeal and Walters were the only two people traveling in a rented truck which smelled strongly of marijuana; there were pieces of marijuana on the front floorboard of the truck; and McNeal's eyes were bloodshot and glassy. Both men were extremely nervous when the corporal walked up to the truck. Walters was carrying $2,400 in cash in two plastic wrapped stacks of $100 dollar bills. Two jackets covered the large bag of marijuana in the rear seat and the leather bag containing the cocaine was directly behind McNeal on the rear floorboard. When asked his passenger's name, McNeal gave an incorrect first

6

name and could not give a last name. Also, when the corporal attempted to arrest McNeal, he fled.[4]

Here, McNeal's "presence, companionship, and conduct before and after the offense[s] are circumstances from which his participation in the criminal intent may be inferred." (Citation and punctuation omitted.) *Jackson v. State*, 314 Ga. App. 272, 275 (1) (a) (724 SE2d 9) (2012). We find the evidence legally sufficient. See *Clowers v. State*, 324 Ga. App. 264, 266 (2) (a) (750 SE2d 169) (2013) (driver of SUV who backed into parking space beside undercover officers during a controlled buy, sat in the SUV while passenger exited SUV and sold gallon sized bag containing marijuana to undercover officer, then driver fled when officers attempted to arrest him, driver found guilty of possession of marijuana with intent to distribute).

> In order to support a conviction, such circumstantial evidence does not have to exclude *every* possible hypothesis other than the defendant's guilt, but only *reasonable* hypotheses. Whether a hypothesis is reasonable is a question for the jury, and such finding will not be

---

[4] Flight is circumstantial evidence of consciousness of guilt, and the weight to be given to such evidence is for the jury to decide. *Brooks v. State*, 324 Ga. App. 352, 354 (1) (750 SE2d 423) (2013).

disturbed on appeal unless the guilty verdict is insupportable as a matter of law.

(Punctuation omitted; emphasis in original.) *Able v. State*, 312 Ga. App. 252, 254 (1) (718 SE2d 96) (2011).

2. In his third enumeration, McNeal contends that the trial court erred by instructing the jury on the permissive presumption of possession against him as the driver of the vehicle, where there was clear evidence of equal access and the passenger/co-defendant requested the charge. In his fifth enumeration, McNeal also argues that, if the permissive presumption charge were appropriately given, the trial court erred by failing to charge equal access also. They are addressed together.

As an initial matter, the record shows that McNeal never objected to the trial court's charge. Where no objection is made to a jury charge at trial, "appellate review for plain error is required whenever an appealing party properly asserts an error in jury instructions." (Footnote omitted.) *State v. Kelly*, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011).

> The "plain error" test adopted by this Court in [*Kelly*] authorizes reversal of a conviction if the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings,

and the error seriously affected the fairness, integrity or public reputation of judicial proceedings.

(Citation omitted.) *Smith v. State*, 292 Ga. 316, 319 (3) (737 SE2d 677) (2013).

Evidence that McNeal was the driver of the car gave rise to a rebuttable presumption that he exercised possession and control of the drug contraband found inside the car. See *Ramirez v. State*, 290 Ga. App. 3, 4 (1) (658 SE2d 790) (2008). McNeal argues that, because Walters had equal access to the car, the permissive presumption or inference is not applicable and charging it to the jury was plain error.

> It is true that the presumption of possession flowing from a defendant's status as driver of a vehicle may be rebutted if the driver presents evidence that other persons had equal access to the vehicle and contraband. Notably, however, *the equal access rule does not apply to eliminate the presumption of possession where all persons allegedly having equal access to the contraband are alleged to have been in joint constructive possession of the contraband.*

(Emphasis supplied; citations and punctuation omitted.) Id. at 4 (1); see also *Gamble v. State*, 223 Ga. App. 653, 655 (1) (478 SE2d 455) (1996) ("The equal access doctrine does not apply to those charged with being in joint constructive possession of contraband.") (citation omitted).

9

Since both McNeal and Walters were charged with joint possession of the marijuana and cocaine, the equal access rule did not apply. Even though the presumptive possession charge was requested by Walter instead of the State, we do not find that the trial court plainly erred in giving it. Cf. *Delavega v. State*, 312 Ga. App. 79, 80 (717 SE2d 681) (2011).

3. In his fourth and sixth enumerations, McNeal argues that the permissive presumption charge initially given by the trial court and then recharged to the jury upon their request was a misstatement of the law, was burden shifting, not tailored to the facts of the case, and placed too much emphasis on the presumption.

Even assuming that the charge and recharge as given[5] were subject to these objections, McNeal has failed to show, pursuant to *Kelly*, supra, 290 Ga. at 33 (2) (a), that the charge affected his substantial rights, i.e., affected the outcome of the trial court's proceedings. Here, the jury convicted both McNeal and Walters, finding that both of them were in joint possession of the bags of marijuana and the brick of cocaine. Therefore, we do not find harmful error in the trial court's denial of the motion for new trial on this ground.

---

[5] "I further charge you, ladies and gentlemen, that the contents of an automobile are inferred to be those of one who operates it and is in charge of it." Thereafter, in response to a jury question, the trial court recharged this instruction.

10

4. McNeal's seventh enumeration is that the trial court erred by making an improper comment as to the circumstantial evidence of possession. We disagree.

During the trial, the prosecutor asked the corporal "[w]as there any doubt in your mind that this stuff, the cocaine and the marijuana, belonged to these two individuals?" The trial court sustained defense counsels' objections, but then stated that "I'm not necessarily sustaining it because I don't think there's any evidence linking this to anyone. I have no thing to say about that. I'm just sustaining the objection because I think it's speculative right now."

OCGA § 17-8-57 provides that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." "To constitute an improper comment under OCGA § 17-8-57, the trial court's statement must express an opinion about whether the evidence has proven a material issue in the case, whether a witness was credible, or whether the defendant was guilty." (Punctuation omitted.) *Anthony v. State*, 282 Ga. App. 457, 458 (1) (638 SE2d 877) (2006).

We have explained before, however, that this rule "does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence.

11

Furthermore, we have previously determined that remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." (Citations and punctuation omitted.) *Butler v. State*, 290 Ga. 412, 416 (4) (721 SE2d 876) (2012). See also *Boyd v. State*, 286 Ga. 166, 168 (3) (686 SE2d 109) (2009).

Here, the statement at issue was made by the trial judge in the context of a colloquy concerning an evidentiary objection and the ruling of the court on that objection. Accordingly, the statement did not amount to an expression of an opinion of the proof or the guilt of the accused. See *Ellis v. State*, 292 Ga. 276, 282 (3) (736 SE2d 412) (2013) (a trial judge commented regarding a witness's statement in the presence of the jury that "I think it is admissible as a prior consistent" and the statement was made in the context of a ruling on Ellis's objection to the earlier statement, OCGA § 17-8-57 was not violated). Moreover, here, the trial court cautioned the jury explicitly at the close of the trial that

> nothing I have said or done during this trial was intended to suggest, hint or intimate to any of you which side should prevail. I have no leanings in this case. My job is to see that this case be fairly presented to you according to the law and that your verdict speak the truth as you determine the truth to be from the evidence that's been presented to you.

12

See *Butler*, supra, 290 Ga. at 416 (4); *Creed v. State*, 255 Ga. App. 425, 428 (1) (565 SE2d 480) (2002). In these circumstances, we see no violation of OCGA § 17-8-57.

5. In his final seven enumerations, McNeal contends that his trial counsel provided constitutionally inadequate assistance in a number of instances. They are considered together.

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. . . .
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Harrington v. Richter*, U. S. , (131 SCt 770, 178 LEd2d 624) (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-689, 693-694 (1104 SCt 2052, 80 LE2d 674) (1984).

To show that the performance of his lawyer was deficient, McNeal must prove that his lawyer performed her duties at trial in an objectively unreasonable way,

considering all the circumstances and in the light of prevailing professional norms. This burden, although not impossible to carry, is a heavy one. *Jones v. State*, 292 Ga. 593, 599 (7) (740 SE2d 147) (2013).

(a) McNeal asserts that trial counsel was ineffective for failing to object to the trial court's comment and for failing to request a charge of equal access. As discussed above in Divisions 2 and 4, there was no improper comment by the trial court and a charge on equal access was inappropriate. *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993) ("Failure to make a meritless objection cannot be evidence of ineffective assistance").

(b) McNeal contends that trial counsel inadequately prepared for trial because she did not personally or through an investigator examine the physical evidence prior to trial. At trial, during her cross-examination of the corporal, trial counsel asked the corporal to remove a set of keys from the leather bag containing the cocaine and display them to the jury. The corporal did so and testified that there was nothing in the bag containing identification.

Trial counsel testified at the motion for new trial hearing that, during her closing argument,[6] she reached into the leather bag which contained the cocaine and

[6] Closing arguments were not taken down or transcribed.

14

pulled out a second key chain containing an inscription of "boy's name" loves "girl's name" which she had never seen before and which had not been contained in the photographs of the evidence which she had seen. After she finished her closing, she realized that the boy's name was Walters's first name and she had made a huge mistake in failing to argue that point. She did not seek to reopen the evidence to pursue the issue nor did she bring this issue to anyone's attention until her testimony at the motion for new trial hearing.

During her cross-examination, however, trial counsel equivocated as to whether there had been one or two key chains in the leather bag, finally stating "maybe it was the same key chain, maybe there was a second key chain." Neither of the key chains was produced by McNeal during the hearing on the motion for new trial.

When a defendant alleges ineffective assistance of counsel based on the failure to introduce certain evidence claimed to be exculpatory, the defendant must produce that evidence at the motion for new trial hearing. Cf., *Jones*, supra, 292 Ga. at 600 (7) (c) (when defendant claims error in failing to call witness, defendant must introduce either the testimony from the witness or a legally recognized substitute at the motion for new trial).

15

Because McNeal failed to produce the key chain or chains at his motion for new trial hearing, his claim of ineffectiveness is wholly speculative and he cannot show that the outcome of his trial would have been different. Id.

(c) McNeal claims ineffective assistance for trial counsel's failure to object to the corporal's statement that he arrested the two men because they possessed narcotics ; failure to object to testimony regarding the rental documents that were not introduced into evidence ; failure to make objection to the corporal's explanation of why he did not believe a statement of McNeal ; and failure to object to the corporal's statement that he would arrest McNeal even if Walters claimed the narcotics .

The question regarding possession of the narcotics was objected to by Walters's counsel, joined in by McNeal's counsel, and sustained by the trial court.

The corporal's answer to the question of what the rental documents show was unclear as to which of the two men's names appeared on the documents. The corporal's opinion that McNeal was not truthful when he said he did not know drugs were in the truck was elicited by Walters's counsel, not the State, as was the corporal's statement that he would arrest McNeal even though Walters claimed the narcotics.

16

Trial counsel's opinion five and one-half years[7] after the trial that certain actions of hers amounted to ineffective assistance gives us the opportunity to remind counsel that "hindsight has no place in an assessment of the performance of trial counsel and a lawyer second-guessing [her] own performance with the benefit of hindsight has no significance for an ineffective assistance of counsel claim." (Citation omitted.) *Shaw v. State*, 292 Ga. 871, 876 (3) n. 9 (742 SE2d 707) (2013).

We conclude that McNeal has failed to show a reasonable probability that, but for trial counsel's unprofessional errors, the result of the proceeding would have been different. Therefore, there was no error in the trial court's denial of his motion for new trial on this ground.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*

---

[7] McNeal's trial occurred in Octobe1, 2006 and the hearing on the motion for new trial occurred five and one-half years later in May 2012 and was conducted by judge who did not conduct the trial.